## Luc Dandurand v. The County of Kankakee.

1. COUNTY COURTS—*Jurisdiction in Suits Brought by the County.*—
A County Court has jurisdiction in a suit brought by the county against
a person for his board, lodging and medical treatment in the county
department of the poor house for insane persons, after their return by
the State authorities as harmless chronic patients, and placed therein
by the county authorities.

2. INSANE PERSONS—*Impliedly Liable for Necessaries Furnished by
the County Authorities.*—An insane person, having sufficient means,
and having been returned by the State authorities to the county from
which he had been sent, as a harmless chronic patient, is impliedly liable
for the board, lodging and medical treatment furnished him by the
county authorities at the department for the insane at its county poor
house.

**Assumpsit,** for necessaries, etc. Appeal from the County Court of
Kankakee County; the Hon. EBEN B. GOWER, Judge, presiding. Heard
in this court at the April term, 1901. Affirmed. Opinion filed July
12, 1901.

GRANGER & GRANGER, attorneys for appellant.

BERT L. COOPER, State's Attorney, and W. J. BROCK, attor-
neys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of
the court.

This was a suit brought by the county of Kankakee
against Luc Dandurand for his board, lodging, support,
care and medical treatment in the Kankakee County Insane
Asylum, a department of its poor house. The declaration
contained five counts. Defendant filed a plea to the juris-
diction of the court. A demurrer to this plea was sustained.
The plea was amended, and demurrer again sustained to it.
Defendant then demurred to the first four counts of the
declaration. This demurrer was sustained as to the first
and second counts, and overruled as to the third and
fourth. Defendant pleaded the general issue and the five
years statute of limitations to the third, fourth and fifth
counts. A trial was had without jury. Defendant pre-

sented eight propositions of law. The court held the seventh and refused the others. The court found for plaintiff in the sum of $520, and rendered judgment therefor. Defendant. prosecutes this appeal, his conservator executing the appeal bond in his name.

1.   It is argued the court erred in sustaining the demurrer to the amended plea to the jurisdiction. The position taken is that the County Court does not have jurisdiction of a suit brought by the county. Reliance is had upon section 31 of chapter 34 of the Revised Statutes. That section restricts the courts in which suit against a county may be brought, but contains no such restriction in cases of suits brought by a county. The county bringing a suit may resort to any court having jurisdiction of the subject-matter in the county where the defendant resides. The action was assumpsit and the damages were laid at $1,000. The County Court had jurisdiction of such a case. We find no error in sustaining the demurrer to said plea. Defendant also argues the court erred in overruling his demurrer to the third and fourth counts of the declaration, but by thereafter pleading to said counts upon the merits demurrer was waived.

2.   On February 6, 1888, Dandurand, in proper proceedings in the County Court, was adjudged insane and ordered committed to a State hospital for the insane, and he was then placed in the State Insane Hospital at Kankakee. On August 19, 1893, the superintendent of the Kankakee County Poor Farm and Insane Asylum, acting, as he testified, under orders either from the State asylum or the county clerk, but which he did not remember, went to the State asylum and took Dandurand therefrom and brought him to the County Insane Asylum, where he has ever since remained and been cared for by the county at public expense, except that his conservator paid for his clothing. The discharge book of the State asylum states his condition when he left as "stationary." While his then conservator did not know of the removal at once, both he and the present conservator did learn of it soon after it occurred, and more than five

years before this suit was begun. Neither side proved the special circumstances under which the State authorities returned Dandurand to the county authorities. Section 17 of chapter 85 of the Revised Statutes authorized the superintendent of the State hospital to return quiet, harmless, chronic patients to the counties from which they were sent, under certain circumstances, and we must presume this officer discharged his duty, till the contrary appears. But, irrespective of that, this patient was returned to the county authorities; he was in need of board, care and medical attention, and was obviously unfit to be at large, and the county furnished him that care. His conservator knew the facts and did not offer to provide for him elsewhere. or take any steps to have any change made. We are of opinion defendant was impliedly liable for these necessaries so furnished him. Dandurand had an estate amounting, at the time of the trial, to about $2,500. It appears from the proofs that no one was dependent upon him for support, and that no one is entitled to anything from said fund but Dandurand himself. Section 17 of chapter 86 of the Revised Statutes, requires the conservator to apply the income and profit of his ward's estate, so far as may be necessary, to the comfort and suitable support of his ward. Speaking of statutes then in force similar to our present statute relative to paupers, the court, in City of Alton v. County of Madison, 21 Ill. 115, said that to become a public charge a person must be poor, and unable to earn a livelihood, and be without any of the enumerated relatives of sufficient ability for his support; that a person having sufficient means for his own support was not within the provisions of the law making his support a public charge; that there can be no reason why the public should be charged with the support of a person having ample means for that purpose, and that to support him as a public charge, where he has ample means, would not be just; that an insane person having property adequate to his support is not a pauper, and consequently the county is not liable for his support. It is true the questions discussed there arose in a different way from

Dandurand v. County of Kankakee.

what they do here.   There the city of Alton had sup-
ported an insane person possessed of property, and sued the
county to recover therefor.   But the principles there laid
down are of a general character.   If Dandurand had been
a pauper his relatives would have been liable to the county
for his support, under the provisions of chapter 107 of the
Revised Statutes, entitled "paupers."   How can it be said
that because. he has means both he and his relatives are
exonerated,.and the county must bear the charge?   We are
satisfied the court below correctly held him liable.

3.   It is urged that as the county officers had not made
a special charge against him, and had taken no action to
compel him to pay till a year or two before this suit was
brought, the county is not entitled to recover for support
prior to that time, as it is presumed the county intended
not to charge for said support prior to that time.   We think
the intention does not enter into the case where the .sup-
port is by a public body.   If he was liable for his own sup-
port under the law, there was no officer who could form an
intention that gratuitous service should be rendered, which
would bind the county and release defendant from liability.
Nor can such intention be manifested by a failure to inau-
gurate some system of bookkeeping, and of making charges
against the insane patient, nor by a failure of the county
officers to promptly ascertain and enforce the legal rights
of the county.

4.   The proof was that the services rendered were rea-
sonably worth $2 per.week, and this was not controverted;
and the court allowed $2 per week for the five years pre-
ceding the commencement of the suit.   The proof showed
the mere dieting of the inmates of the county asylum cost
the county less on the average than that sum.   This is
immaterial, for that is not all defendant received.   He had
his lodging, medical attention and nursing, and such super-
vision and control as he might require by reason of his
insanity, and upon this record we think he has no cause to
complain of the moderate sum allowed.   The action of the
court upon the propositions of law was in harmony with
the views herein expressed.   The judgment is affirmed.